**United States District Court**
For the Northern District of California

1

2

3    UNITED STATES DISTRICT COURT

4    NORTHERN DISTRICT OF CALIFORNIA

5

6

7    FRANK ANTHONY SANCHEZ,

8                   Petitioner,                        No. C 07-6292 PJH (PR)

9        vs.                                           **ORDER TO SHOW CAUSE;**
                                                       **GRANT OF LEAVE TO**
10   DIRECTOR OF CORRECTIONS and                       **PROCEED IN FORMA**
     JERRY BOWN, ATTORNEY GENERAL                      **PAUPERIS**
11   OF CALIFORNIA,

12                   Respondent.
                                        /
13

14       Petitioner, a California prisoner currently incarcerated at the California Substance

15   Abuse Facility in Corcoran, has filed a pro se petition for a writ of habeas corpus pursuant

16   to 28 U.S.C. § 2254.  He also requests leave to proceed in forma pauperis.

17       Venue is proper because the conviction was obtained in Santa Clara County, which

18   is in this district.  *See* 28 U.S.C. § 2241(d).

19                              **BACKGROUND**

20       Petitioner pleaded no contest to ten felonies and one misdemeanor, and admitted a

21   prior strike conviction.  *People v. Sanchez*, 2004 WL 2349552 at *1 (Cal. Ct. App. Oct. 20,

22   2004).  He was sentenced to prison for sixteen years and four months.  *Id.*  The conviction

23   was reversed on appeal because the sentencing court had failed to rule on petitioner's

24   request to withdraw his plea, a request which was made half-way through the sentencing

25   colloquy.  *Id.* at *3.  The court of appeal remanded to allow petitioner to file his motion to

26   withdraw the plea, with instructions that if petitioner did not file a motion or if the motion

27   were denied, the judgment should be reinstated.  *Id.*  It is unclear from the petition exactly

28   what happened on remand, but apparently the same sentence was imposed.  It is also

1  unclear what happened afterward, but it appears from the California appellate court website

2  that an appeal may have been taken and then voluntarily dismissed.  Petitioner's

3  subsequent state habeas petition was denied by the California Supreme Court.

**DISCUSSION**

**A.    Standard of Review**

6  This court may entertain a petition for writ of habeas corpus "in behalf of a person in

7  custody pursuant to the judgment of a State court only on the ground that he is in custody

8  in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. §

9  2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).  Habeas corpus petitions must meet

10 heightened pleading requirements.  *McFarland v. Scott,* 512 U.S. 849, 856 (1994).  An

11 application for a federal writ of habeas corpus filed by a prisoner who is in state custody

12 pursuant to a judgment of a state court must "specify all the grounds for relief which are

13 available to the petitioner ... and shall set forth in summary form the facts supporting each

14 of the grounds thus specified."  Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C.

15 foll. § 2254.  "'[N]otice' pleading is not sufficient, for the petition is expected to state facts

16 that point to a 'real possibility of constitutional error.'"  Rule 4 Advisory Committee Notes

17 (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970).  "Habeas petitions which

18 appear on their face to be legally insufficient are subject to summary dismissal."  *Calderon*

19 *v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J.,

20 concurring).

**B.    Legal Claims**

22 As grounds for federal habeas relief, petitioner asserts that:  (1) His plea was not

23 knowing and intelligent; (2) his conviction violated his rights against being subjected to

24 double jeopardy; (3) his counsel was ineffective; and (4) his sentence was based on facts

25 not tried to a jury.  These claims are sufficient to require a response.

**CONCLUSION**

27 1. Leave to proceed in forma pauperis (document number 4 on the docket) is

28 **GRANTED**.  His earlier motion (document 2) is **DENIED** as moot.

*United States District Court*
For the Northern District of California

**United States District Court**
For the Northern District of California

1      2. The clerk shall serve by regular mail a copy of this order and the petition and all

2  attachments thereto on respondent and respondent's attorney, the Attorney General of the

3  State of California.  The clerk also shall serve a copy of this order on petitioner.

4      3. Respondent shall file with the court and serve on petitioner, within sixty days of

5  the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules

6  Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be

7  granted.  Respondent shall file with the answer and serve on petitioner a copy of all

8  portions of the state trial record that have been transcribed previously and that are relevant

9  to a determination of the issues presented by the petition.

10      If petitioner wishes to respond to the answer, he shall do so by filing a traverse with

11  the court and serving it on respondent within thirty days of his receipt of the answer.

12      4. Respondent may file a motion to dismiss on procedural grounds in lieu of an

13  answer, as set forth in the Advisory Committee Notes to  Rule 4 of the Rules Governing

14  Section 2254 Cases.  If respondent files such a motion, petitioner shall file with the court

15  and serve on respondent an opposition or statement of non-opposition within thirty days of

16  receipt of the motion, and respondent shall file with the court and serve on petitioner a reply

17  within fifteen days of receipt of any opposition.

18      5. Petitioner is reminded that all communications with the court must be served on

19  respondent by mailing a true copy of the document to respondent's counsel.  Petitioner

20  must keep the court informed of any change of address and must comply with the court's

21  orders in a timely fashion.  Failure to do so may result in the dismissal of this action for

22  failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  *See Martinez v.*

23  *Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

24      **IT IS SO ORDERED.**

25  Dated:  January __24__, 2008.                

                  PHYLLIS J. HAMILTON

26                    United States District Judge

27

28  G:\PRO-SE\PJH\HC.07\SANCHEZ6292.OSC.wpd