1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  GERALD A. ENGLER
   Senior Assistant Attorney General
4  PEGGY S. RUFFRA
   Supervising Deputy Attorney General
5  JILL M. THAYER, State Bar No. 166428
   Deputy Attorney General
6   455 Golden Gate Avenue, Suite 11000
    San Francisco, CA  94102-7004
7   Telephone:  (415) 703-5954
    Fax:  (415) 703-1234
8   Email:  Jill.Thayer@doj.ca.gov

9  Attorneys for Respondent

10

11             IN THE UNITED STATES DISTRICT COURT

12            FOR THE NORTHERN DISTRICT OF CALIFORNIA

13                    SAN FRANCISCO DIVISION

14

**FRANK ANTHONY SANCHEZ,**                C 07-6292 PJH (PR)

                            Petitioner,   **MOTION TO DISMISS
                                          HABEAS PETITION AS
              v.                          BARRED BY THE STATUTE
                                          OF LIMITATIONS**
**DIRECTOR OF CORRECTIONS AND JERRY
BROWN, ATTORNEY GENERAL OF
CALIFORNIA,**

                            Respondent.

21      Respondent[1/] hereby moves to dismiss the petition for writ of habeas corpus on the ground

22  that it is untimely under 28 U.S.C. § 2244(d), the statute of limitations established by the

23  Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  Respondent has not noticed this

24  motion for hearing as petitioner is in custody and is not represented by counsel.

25  _____

26      1.  Respondent notes that the proper respondent in a habeas corpus proceeding is the
    petitioner's custodian, "not the Attorney General or some other remote supervisory official."
27  *Rumsfeld v. Padilla*, 542 U.S.426, 435 (2004); *see* Rule 2(b) of the Rules Governing Section 2254
    Cases in the United States District Courts.  Accordingly, respondent moves to remove Jerry Brown,
28  Attorney General of California, as a respondent in the present case.

Motion to Dismiss                                    Sanchez v. Director of Corrections and Jerry Brown
                                                                                    C 07-6292 PJH (PR)
                                    1

1   By order of January 25, 2008, this Court gave respondent the option of filing a motion to dismiss on procedural grounds in lieu of an answer. Or. at 3. A motion to dismiss is proper where the petition is procedurally defective. *See White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989); *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990); Rules Governing 28 U.S.C. § 2254 Cases, Rule 4 and Advisory Committee Notes.

**PROCEDURAL BACKGROUND**

After petitioner pled no contest to ten felonies and one misdemeanor and admitted having one prior strike and one prior serious felony conviction, the trial court sentenced him to sixteen years and four months in compliance with the terms of petitioner's negotiated plea. Ex. 1 at 2.

On October 20, 2004, the California Court of Appeals, in an unpublished opinion, reversed the judgment and remanded the case to the trial court for the limited purpose of allowing petitioner to file his motion to withdraw his plea. Ex. 1 at 5. It appears from the petition that the same sentence was imposed on remand. Pet. at 1. According to the state court website, petitioner filed a notice of appeal in the California Court of Appeal on December 14, 2005. Ex. 2. Petitioner voluntarily abandoned the appeal, and it was dismissed on February 8, 2006. Ex. 2.

According to the state court website, petitioner filed a petition for writ of habeas corpus in the California Supreme Court on November 30, 2005, which was denied on August 30, 2006. Ex. 3.

Petitioner filed the present petition for writ of habeas corpus in the Eastern District of California on November 26, 2007. Ex. 4. The petition was ordered transferred to the Northern District of California on December 7, 2007, where it was filed on December 12, 2007. Ex. 4 and Docket No. 1.

# ARGUMENT

## THE FEDERAL HABEAS PETITION IS UNTIMELY

The AEDPA imposes a one-year statute of limitations on the filing of federal habeas petitions. 28 U.S.C. § 2244(d). The year commences on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Petitioner's conviction became final on February 8, 2006, when he voluntarily dismissed his direct appeal. *White v. Klitzkie*, 281 F.3d 920, 923 (9th Cir. 2002); Cal. Rules of Court 8.316.

The AEDPA allows for tolling during the pendency of a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim." 28 U.S.C. § 2244(d)(2).

As outlined above, petitioner filed a petition for writ of habeas corpus in the California Supreme Court on November 30, 2005, prior to the commencement of the limitations period. The petition was pending until the California Supreme Court denied it on August 30, 2006. Petitioner therefore had until August 30, 2007 to file his federal habeas petition. *See Patterson v. Stewart*, 251 F.3d 1243 (9th Cir. 2001). Petitioner did not file his federal petition until November 26, 2007, almost three months after the limitations period expired. Accordingly, dismissal is warranted.

# CONCLUSION

Since the instant petition was not filed within one year of the date of final judgment, we respectfully request that the Court dismiss the petition for writ of habeas corpus with prejudice.

Dated: May 12, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

GERALD A. ENGLER
Senior Assistant Attorney General

PEGGY S. RUFFRA
Supervising Deputy Attorney General

/s/ Jill M. Thayer
JILL M. THAYER
Deputy Attorney General
Attorneys for Respondent

40251293.wpd
SF2008400361

Motion to Dismiss                                    Sanchez v. Director of Corrections and Jerry Brown
                                                     C 07-6292 PJH (PR)

4

# EXHIBIT 1



NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 977(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 977(b). This opinion has not been certified for publication or ordered published for purposes of rule 977.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

FILED
OCT 2 0 2004
Court of Appeal - Sixth App. Dist.
By_____
DEPUTY

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>FRANK ANTHONY SANCHEZ,<br><br>Defendant and Appellant. | H026365<br>(Santa Clara County<br>Super. Ct. No. CC111849) |

OCT 2 1 2004

By _E. TC____

No. SF2003DA1078

Pursuant to a plea agreement, defendant Frank Anthony Sanchez pleaded no contest to 10 felonies and one misdemeanor, and admitted a prior strike conviction in exchange for an agreed upon state prison term of between 11 years and 16 years 4 months.

In the middle of his sentencing hearing, defendant expressed his desire to withdraw his plea. The trial court failed to address defendant's request, and continued to sentence defendant. Judgment was entered.

On appeal, defendant asserts he was entitled to be heard on his request to withdraw his plea. We find the trial court erred in failing to consider defendant's request, and we remand the matter for the limited purpose of allowing defendant to file his motion to withdraw his plea.

F

STATEMENT OF THE FACTS AND CASE[1]

By information filed in August 2002, defendant was charged with assault on a peace officer with a deadly weapon (Pen. Code, § 245, subd. (c)),[2] driving under the influence of alcohol and drugs causing injury (Veh. Code, § 23153, subd. (a)), reckless driving while evading a peace officer (Veh. Code, § 2800.2, subd. (a)), driving under the influence of alcohol and drugs causing injury, with five multiple victim enhancements (Veh. Code, §§ 23153, subs. (a), 23558), hit and run accident resulting in injuries (Veh. Code, § 20001, subds. (a)/(b)(1)), exhibiting a weapon at a peace officer (§ 417.8), exhibiting a firearm in the presence o f a peace officer (§ 417, subd. (c)), possession of a firearm by a convicted felon (§12021, subd. (a)(1)), possession of ammunition by a prohibited person (§ 12316, subd. (b)), altering the identification on a firearm (§ 12090), and using or being under the influence of a controlled substance, a misdemeanor (Health & Saf., § 11550, subd. (a)). The information also alleged defendant had a prior conviction of attempted murder, which was both a strike and a serious felony conviction. (§§ 667, subds. (b)-(i), 1170.12, 667, subd. (a).).

Pursuant to a plea agreement, defendant pleaded no contest to all counts and admitted the enhancements in the information, for an agreed upon sentence of between 11 years and 16 years four months in state prison. The People agreed to dismiss the allegations of injuries as to three persons in the driving under the influence causing injury charge. Defendant filed a motion pursuant to *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, requesting that the court dismiss his prior strike conviction in the interest of justice. The court denied the motion, and sentenced defendant to the probation department's recommendation of 16 years 4 months in state prison.

---

[1] We state only the facts that are relevant to defendant's limited issue on appeal regarding whether the trial court erred in failing to consider defendant's request to withdraw his plea.

[2] All further statutory references are to the Penal Code unless otherwise stated.

At defendant's sentencing, the court indicated defendant would receive 361 days of actual credit, and 180 days of conduct credit for a total of 541 days of credit for time served in custody. During defendant's sentencing hearing, the probation department represented to the court that defendant was not entitled to a year of credit for time he served in custody, because defendant's parole violation involved mixed conduct, making defendant ineligible for dual credits. Upon hearing that he would not receive credit for all the time he had spent in custody, defendant told the court he wished to withdraw his plea. The court did not address defendant's request, and continued to complete the sentencing. Judgment was entered, and defendant filed a timely notice of appeal.

## DISCUSSION

Defendant asserts on appeal that the trial court erred in failing to consider his request to withdraw his plea. Section 1018 allows a defendant to move to withdraw his plea of guilty or no contest on a showing of good cause any time before entry of judgment. In addition, section 1018 states: "[t]his section shall be liberally construed to effect these objects and to promote justice."

Here, the record demonstrates that the court never considered defendant's request to withdraw his plea. In the middle of pronouncing sentence, the court asked the probation officer to state the amount of custody credits to which defendant was entitled. The probation officer represented that defendant was not entitled to a year of credit, because the parole violation involved mixed conduct, making defendant ineligible for duel credits. When he learned he would not receive all the credits to which he believed he was entitled, defendant stated: "I wish to withdraw my plea if that's the case . . . ." The court conducted a brief conversation with defendant regarding the custody credits, and when defendant repeated his request, stating: "I wish to withdraw my plea and go to trial . . . ," the court simply responded: " I understand what you are saying." The court then continued to advise defendant of his parole period, and concluded the hearing. The court's colloquy with defendant did not amount to consideration of defendant's request to

3

withdraw his plea. At the very least, the court should have given defendant the opportunity to discuss the matter with his counsel, and set a briefing and hearing schedule for the motion.

Here, the court's failure to consider defendant's request to withdraw his plea violated defendant's fundamental rights to a jury trial, and to testify on his own behalf. A defendant's request to withdraw his plea vests entirely in him, and does not need the concurrence of his counsel as being in his best interest. (See *People v. Osorio* (1987) 194 Cal.App.3d 183 (*Osorio*); *People v. Brown* (1986) 179 Cal.App.3d 207.) Moreover, "the right to seek to withdraw a guilty plea implicated the defendant's fundamental rights to a jury trial and to testify in his own behalf." (*Osorio, supra*, 194 Cal.App.3d at p. 188.) In this case, the court failed to consider defendant's request, continuing to sentence defendant and ultimately, entering judgment. This violated defendant's constitutional rights.

The People assert defendant's request was untimely, because it occurred during the sentencing hearing, which, in the People's view, constituted rendering of judgment. However, what the People fail to recognize is the fact that in this case, defendant expressed his desire to withdraw his plea *before* the court completed sentencing. Therefore, judgment was not yet pronounced, and the request was timely under section 1018.

In addition, the People's argument that the court considered defendant's request and impliedly denied it is equally unpersuasive. There is nothing in the record before us to demonstrate that the trial court considered defendant's request. When defendant stated that he wished to withdraw his plea, the court did not inquire into defendant's understanding of the plea agreement, or whether defendant's plea was as a result of "[m]istake, ignorance, or any other factor overcoming the exercise of free judgment . . . ." (*Brown, supra*, 179 Cal.App.3d at pp. 213-214.) Moreover, the court did not conduct any

hearing, and did not rule on the request. As such, we find the court did not consider defendant's request, and did not impliedly deny it.

In sum, the trial court erred in failing to consider defendant's request to withdraw his plea. The matter must be remanded to the trial court to give defendant the opportunity to pursue his motion to withdraw his plea.

## DISPOSITION

The judgment is reversed. The matter is remanded to the trial court for the limited purpose of allowing defendant to file his motion to withdraw his plea pursuant to section 1018.[3] If defendant does not file a motion, or files a motion that is denied, the trial court shall reinstate the judgment.

---

[3] Because we remand the matter for defendant to pursue his motion to withdraw his plea, we need not consider whether defendant's additional contention that he has good cause to withdraw his plea. Additionally, in light of the disposition of this appeal, the issue defendant presents in his supplemental brief regarding the propriety of consecutive sentencing under *Blakely v. Washington* (2004) 542 U.S. ___ [124 S.Ct. 2531], is moot.

_____
RUSHING, P.J.

WE CONCUR:

_____
PREMO, J.

_____
ELIA, J.

*People v. Sanchez*
H026365

# EXHIBIT 2

Case 3:07-cv-06292-PJH    Document 7    Filed 05/12/2008    Page 12 of 18



# CALIFORNIA APPELLATE COURTS
Case Information

Welcome
Search
E-mail
Calendar
Help
Opinions

c|c
home

**6th Appellate District**

Change court

Court data last updated: 04/29/2008 03:05 PM

Case Summary   Docket   Scheduled Actions   Briefs
Disposition   Parties and Attorneys   Trial Court

## Docket (Register of Actions)

**The People v. Sanchez**
Case Number H029649

| Date | Description | Notes |
|---|---|---|
| 12/14/2005 | Notice of appeal lodged/received (criminal). | |
| 12/14/2005 | Counsel appointment order filed. | |
| 12/19/2005 | Court reporter extension granted. | Reporter: Gorley, Heather (009195). Deadline extended to: 01/27/06. per signed acknowledgment |
| 12/30/2005 | Recommendation of counsel by SDAP filed. | Charles B. Holzhauer obo applnt Sanchez |
| 01/03/2006 | Record on appeal filed. | C-1; R-2 |
| 01/31/2006 | Granted - extension of time. | (1) Attorney: Holzhauer, Charles Party: Sanchez, Frank |
| 02/08/2006 | Filed document entitled: | abandonment of appeal |
| 02/08/2006 | Remittitur issued. | |
| 02/08/2006 | Dismissal order filed. | Pursuant to the request of the appellant, the appeal filed on December 8, 2005, is dismissed. The remittitur shall issue forhtwith. |
| 02/08/2006 | Case complete. | |
| 03/16/2006 | Record purged - to be shipped to state records center. | |

Click here to request automatic e-mail notifications about this case.

© 2007 Judicial Council of California

**EXHIBIT 3**

# CALIFORNIA APPELLATE COURTS
Case Information

**Supreme Court**

Change court

- Supreme Court
- Welcome
- Search
- E-mail
- Calendar
- Help
- Opinions
- C|C home

Court data last updated: 04/29/2008 02:53 PM

Case Summary   Docket   Briefs
Disposition   Parties and Attorneys   Lower Court

## Docket (Register of Actions)

SANCHEZ (FRANK) ON H.C.
Case Number **S139211**

| Date | Description | Notes |
|---|---|---|
| 11/30/2005 | Petition for writ of habeas corpus filed | Frank Sanchez, petitioner in pro per. |
| 08/30/2006 | Petition for writ of habeas corpus denied | |

**Click here** to request automatic e-mail notifications about this case.

©2007 Judicial Council of California

**EXHIBIT 4**

CLOSED, HABEAS

# U.S. District Court
## Eastern District of California - Live System (Sacramento)
## CIVIL DOCKET FOR CASE #: 2:07-cv-02524-GEB-DAD
### Internal Use Only

| | |
|---|---|
| (HC) Sanchez v. Director of Corrections, et al | Date Filed: 11/26/2007 |
| Assigned to: Judge Garland E. Burrell, Jr | Date Terminated: 12/07/2007 |
| Referred to: Magistrate Judge Dale A. Drozd | Jury Demand: None |
| Cause: 28:2254 Petition for Writ of Habeas Corpus (State) | Nature of Suit: 530 Habeas Corpus (General) |
| | Jurisdiction: Federal Question |

**Petitioner**

**Frank A. Sanchez**     represented by     **Frank A. Sanchez**
K-47653
CA Substance Abuse Treatment Facility
CSATF
P. O. Box 7100
Corcoran, CA 93212
PRO SE

V.

**Respondent**

**Director of Corrections**
*S.A.T.F.*

**Respondent**

**Jerry Brown**
*Attorney of the State of CA*

I herby certify that the annexed instrument is a true and correct copy of the original on file in my office.
ATTEST: **VICTORIA C. MINOR**
Clerk, U. S. District Court
Eastern District of California
By  _a. Kas_
Deputy Clerk
Dated  12/7/07

| Date Filed | # | Docket Text |
|---|---|---|
| 11/26/2007 | 1 | PETITION for WRIT of HABEAS CORPUS by Frank A. Sanchez. (Marciel, M) (Entered: 11/27/2007) |
| 11/26/2007 | 2 | APPLICATION to Proceed IFP by petitioner Frank A. Sanchez. (Marciel, M) (Entered: 11/27/2007) |

| | | |
|---|---|---|
| 11/27/2007 | 3 | PRISONER NEW CASE DOCUMENTS ISSUED (Attachments: # 1 Consent Forms) (Marciel, M) (Entered: 11/27/2007) |
| 11/27/2007 |  | SERVICE BY MAIL: 3 Prisoner New Case Documents for GEB served on petitioner Frank A. Sanchez. (Marciel, M) (Entered: 11/27/2007) |
| 12/07/2007 | 4 | ORDER signed by Judge Dale A. Drozd on 12/6/07 ORDERING that this court has not ruled on petitioner's ifp appl; and CASE is TRANSFERRED to the Northern District of CA. Transmittal letter, certified copy of transfer order, and docket sheet sent. CASE CLOSED (Kastilahn, A) (Entered: 12/07/2007) |
| 12/07/2007 |  | SERVICE BY MAIL: 4 Order Transferring Case Out to Another District, served on Frank A. Sanchez. (Kastilahn, A) (Entered: 12/07/2007) |
| 12/07/2007 | 5 | TRANSMITTAL of DOCUMENTS on *12/7/2007* to * USDC Northern District of CA* *P.O. Box 36060* *San Francisco, CA 94102*. ** *Electronic Documents: 1 to 4. *. (Kastilahn, A) (Entered: 12/07/2007) |